17-3462-cv
*Board of Education of the Mamaroneck Union Free School District v. A.D.*

**UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT**

# SUMMARY ORDER

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this Court's Local Rule 32.1.1. When citing a summary order in a document filed with this Court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated term of the United States Court of Appeals for the Second Circuit, held at the Thurgood Marshall United States Courthouse, 40 Foley Square, in the City of New York, on the 12ᵗʰ day of October, two thousand eighteen.

PRESENT:  JOSÉ A. CABRANES,
                  ROBERT D. SACK,
                  BARRINGTON D. PARKER,
                                  *Circuit Judges.*

---

BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT,

          *Plaintiff-Appellant,*

          v.                                                      17-3462-cv

A.D. AND N.D. INDIVIDUALLY AND ON BEHALF OF J.D., A MINOR,

          *Defendants-Appellees.*

---

**FOR PLAINTIFF-APPELLANT:**          MARK C. RUSHFIELD, Shaw, Perelson, May & Lambert, LLP, Poughkeepsie, NY.

**FOR DEFENDANTS-APPELLEES:**          JESSE COLE CUTLER, Skyer, Castro, Foley & Gersten, New York, NY.

Appeal from a judgment of the United States District Court for the Southern District of New York (Thomas P. Griesa, *Judge*).

**UPON DUE CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the October 10, 2017 judgment of the District Court is hereby **AFFIRMED**.

Plaintiff-Appellant Board of Education of the Mamaroneck Union Free School District ("Plaintiff") appealed a judgment of the District Court granting summary judgment to Defendants-Appellees A.D. and N.D., on behalf of J.D., a minor (collectively, "Defendants").

BACKGROUND

This case was brought under the Individuals with Disabilities Education Act ("IDEA"). J.D. is a seventeen-year-old student with behavioral and emotional difficulties and with diagnoses including attention deficit hyperactivity disorder. On June 24, 2014, J.D. was referred to the Committee on Special Education ("CSE"), which prepared an Individualized Educational Program ("IEP") for him. This IEP recommended a resource room program but did not formally recommend counseling support. While there is a reference to "counseling support" on a student information summary page attached to the IEP, there were no specifications as to what such counseling would entail.

Defendants, J.D.'s parents, were dissatisfied with the IEP and enrolled J.D. in a residential school in Idaho—Cherry Gulch. On January 5, 2015, Defendants filed a complaint requesting a hearing before an Impartial Hearing Officer ("IHO"), stating "that the IEP . . . is neither appropriate nor reasonably calculated to confer a benefit to [J.D.]." J.A. 268.

The impartial hearing was conducted between April 21, 2015 and July 8, 2015. In its opening statement, Plaintiff stated that the IEP provided "meaningful educational benefit" through the resource room services and "additional related services of counseling." J.A. 175. Further, during the hearing, Plaintiff elicited testimony from Dr. Cecilia Anon, the school psychologist, regarding the nature of the counseling that would have been provided to J.D. J.A. 199–200. The IHO determined that the IEP was adequate, and Defendants appealed to a State Review Officer ("SRO").

The SRO reversed the IHO decision in part, finding the IEP inadequate and ordering the Plaintiff to reimburse Defendants for the non-residential portion of the costs of Cherry Gulch. The SRO reasoned that there was no formal counseling recommendation in the IEP and no contemporaneous evidence to substantiate whether such a counseling recommendation was ever made. J.A. 53.

Following the SRO decision, Plaintiff filed the instant action alleging that the SRO erred on two issues: (1) whether the Plaintiff "opened the door" to a claim for lack of counseling services in the IEP and (2) whether the testimony offered by Dr. Anon constituted prohibited "retrospective evidence." The parties cross-moved for summary judgment and the District Court granted the Defendants' motion, affirming the SRO's decision in full.

DISCUSSION

The court reviews *de novo* a district court's grant of summary judgment in an IDEA case. *T.P. ex rel S.P. v. Mamaroneck Union Free Sch. Dist.*, 554 F.3d 247, 252 (2d Cir. 2009).

### *"Opening the Door"*

If a party fails to include a claim in the due process complaint, the opposing party may "open the door" to that claim by addressing it during a hearing. *M.H. v. N.Y.C. Dep't of Educ.*, 685 F.3d 217, 250–51 (2d Cir. 2012). In this case, Plaintiff raised the issue of counseling in the due process hearings. First, Plaintiff addressed the counseling issue in its opening statement. J.A. 175 ("[T]he IEP was reasonably calculated to confer J. with meaningful educational benefit . . . that they provided *additional related services of counseling to support his emotional and behavioral needs . . . .*" (emphasis added)). Second, Plaintiff elicited testimony from its witnesses, notably Dr. Anon, regarding the types of counseling support that would have been provided to J.D. *See, e.g.*, J.A. 199 ("We discussed psychological counseling but there was also much conversation about how J.[D.] was going to accept . . . psychological counseling."); J.A. 200 ("I would have worked at building more of a rapport with J.[D.] . . . Perhaps what I often do with children, . . . I have them develop a level of trust and comfort, perhaps invite him in with a group of—with a friend or during lunch time."). We conclude, based on these statements, that the Plaintiff "opened the door" to the counseling issue by raising it in the first instance. Defendants were therefore entitled to respond.

### *Retrospective Evidence*

We have adopted "the majority view that the IEP must be evaluated prospectively as of the time of its drafting." *R.E. v. N.Y.C. Dep't of Educ.*, 694 F.3d 167, 186 (2d Cir. 2012). While there is no "four corners rule prohibiting testimony that goes beyond the face of the IEP . . . testimony may be received that explains or justifies the services *listed in the IEP*." *Id.* (internal quotation marks omitted) (emphasis added). By contrast, "retrospective testimony that the school district would have provided additional services beyond those listed in the IEP may not be considered." *Id.*

In this case, a counseling recommendation does not appear in the IEP. While Plaintiff claims that this was merely a clerical error, the record is devoid of contemporaneous evidence that could substantiate Plaintiff's claim that counseling was recommended in the IEP. J.A. 53 (SRO Decision) ("[T]here are no CSE meeting minutes, no prior written notice, or any other documentary or testimonial evidence in the hearing record . . . indicating the exact service being offered to the student . . . ."). Thus, testimony from Dr. Anon discussing what counseling services would have been provided to J.D. falls squarely within the definition of "retrospective evidence" and cannot be relied upon in evaluating the IEP.

For the foregoing reasons, we **AFFIRM** the judgment of the District Court.

FOR THE COURT:
Catherine O'Hagan Wolfe, Clerk
